# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **KATIE DOZIER**    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| ) | **CASE NO.:** |
| ) | |
| Vs.    ) | **6:20-cv-000569-LSC** |
| ) | |
| **CITY OF JASPER**    ) | **Plaintiff Demands Trial** |
| ) | **By Struck Jury** |
| ) | |

## AMENDED COMPLAINT

## NATURE OF CLAIMS

1.  This is an action under the Family's First Coronavirus Response Act of 2020 (FFCRA) Public Law 116-127, the Emergency Family Paid Sick Leave Act of 2020 (EPSLA), and the Emergency Family Medical Leave Expansion Act of 2020 (EFMLEA) both a part of the FFCRA, to correct and remedy unlawful employment practices of the Act and to make whole and compensate the plaintiff for having interfered with plaintiff's established rights.

## JURISDICTION AND VENUE

2.  This court has jurisdiction of the federal claims asserted here pursuant to §§ 1331 and 1343 of Title 28 (28 U.S.C.A. §§ 1331, 1343). This court would have

1

supplemental jurisdiction over the claim in this action arising under the law of the State of Alabama and the principles of pendent jurisdiction.

3. The unlawful employment practices complained of in this complaint occurred within the Northern District of Alabama, and venue is proper within this District and Division.

## PARTIES

4. The plaintiff is a female over the age of nineteen (19) and a resident of Walker County, Alabama. The plaintiff was at all times relevant to the matters alleged herein, an employed by the City of Jasper as a laborer with the Parks and Recreation Department and eligible for paid leave under the Act.

5. Defendant, City of Jasper, is an Alabama municipal corporation organized under the laws of the State of Alabama (hereinafter the City). The City, at all pertinent times, was and is a public sector employer with less than 500 employees for each working day in each of twenty or more calendar weeks in each relevant calendar year and meets the definition of "employer" set forth in the Act.

## FACTUAL ALLEGATIONS

6. On April 16, 2016 Dozier was hired by the City as a laborer in the Parks and Recreation Department.

7.     On February 17, 2018 Dozier was promoted to a full-time hourly employee earning $12.13 per hour.

8.     Dozier is a single mother with two children ages 2 and 13 years old.

9.     As of March 19, 2020, Dozier's 13 year old child could not attend school because school was closed due to the Coronavirus mitigation policies implemented by the Walker County School Board for the remainder of the 2020 academic school year.

10.    As of March 19, 2020, Dozier's 2 year old child could no longer attend day-care because of county and statewide shelter-in-place executive orders by the Governor closing all non-essential businesses.

11.    As a laborer, Dozier was required to be on site to work her job, which did not allow for telecommuting or working from home.

12.    Dozier was and is without any friend or relative to care for her children while she was expected to be at work.

13.    Dozier had previously been approved to take FMLA leave to have surgery performed starting March 20, 2020. However, on March 19, 2020, Dozier's surgery was cancelled due to the Coronavirus, so Dozier informed her supervisor Keith Laird of the same, and asked if she could be allowed to take leave under the Family First

Coronavirus Relief Act so that she could stay home and take care of her children because schools and daycares had closed and she could not find a sitter for them.

14. Dozier's supervisor Laird approved Dozier's request to be off, but rather than granting Dozier leave under the Act, the City required Dozier to use her own personal leave – vacation and sick time, to be compensated during her time-off, and Dozier's supervisor told Dozier that the City would check to see if she qualified for leave under the Act.

15. After having exhausted her personal leave bank, on April 6, 2020, Dozier contacted the mayor and chief executive officer for the City, David O'Mary, by telephone and again requested paid sick leave and paid leave under the FFCRA.

16. During her conversation, Dozier again informed the City her children were home due to Coronavirus and that she had no family, friend, babysitter, other day care that could take care of her children while she had to work.

17. Dozier requested the City give her 12 weeks of paid time-off as allowed under the Act.

18. Mayor O'Mary stated he did not know what she was talking about and asked Dozier to send him information about the Act.

19.     When Dozier got off the phone with O'Mary, she sent him a text message with a link to the Department of Labor guidance page on FFCRA. (See Exhibit A attached hereto and incorporated herein by reference.)

20.     On April 8, 2020, Dozier also sent O'Mary an email with a copy of "Your Rights" flyer under the FFCRA published by the US Department of Labor. (See Exhibit B attached hereto and incorporated herein by reference.)

21.     On April 8, 2020, O'Mary responded by email stating he was having the City Clerk Kathy Chambliss contact the Department of Labor to determine Dozier's eligibility under the FSCRA, which is incorporated herein below:

From: **David OMary**
Date: Wed, Apr 8, 2020, 8:51 AM
Subject: Re: Katie Dozier EFLEA
To: Katie Dozier

Katie, Kathy Chambless is making an inquiry to the Alabama Dept. of labor as to your eligibility. This let will let us know exactly where we are at. May take a few days. Will let you know as soon as I hear something.

22.     On April 16, 2020, O'Mary emailed Dozier informing her they never heard back from the Department of Labor and that they hired an attorney in Birmingham, AL to determine her eligibility, which is incorporated herein below:

From: **David OMary**
Date: Thu, Apr 16, 2020, 11:58 AM
Subject: Re: FFCRA_Poster_WH1422_Non-Federal.pdf
To: Katie Dozier

5

I have just hired a Birmingham law firm to give us an opinion on your situation. The Dept. Of Labor never got back with us.

23. On April 23, 2020 O'Mary contacted Dozier by telephone and told her he had purportedly talked to the City's lawyer and that she was exempt under the FFCRA and did not qualify for benefits.

24. O'Mary told Dozier if she did not come to back to work her employment would be terminated.

25. On April 23, 2020 Dozier emailed O'Mary and asked that he reconsider his decision refusing her request for leave under the FFCRA, which is incorporated herein below:

On Thu, Apr 23, 2020 at 5:50 PM Katie Dozier wrote:

Mayor, since we talked today I have been crying and upset and do not know what I am going to do.  I am a single mother and do not have anyone that can  take care of my kids who are not in school or daycare now, because the schools are shut down because of this covid virus and I do not want to loose my job and insurance for me and my kids especially right now. I thought that  I was going to be covered under the new covid act and would not have to use my leave and vacation- time that I have worked so hard for.  I understand that you are saying I am not covered under the act and paper that was given to us, but is there anything else that you can do to help now that I don't have any time left. I have always tried to be a good worker and do my job without causing any problems. I do not have anywhere else to turn.

26. On April 24, 2020, the City's Chief Financial Officer and Clerk, Kathy Chambliss, telephoned Dozier and told her she needed to apply for unemployment because the City was not approving her request for leave under the Act.

27. That despite knowing the financial hardship Dozier was under and the rights due to her under the FFCRA for having a COVID-19 qualifying condition, Mayor O'Mary, acting on behalf of the City of Jasper, intentionally, purposefully, and willfully disregarded Dozier's rights under the Act by denying her paid leave.

## FIRST CLAIM FOR RELIEF

### (Interference with FFCRA)

28. The plaintiff incorporates and realleges paragraphs 1 through 27 of this complaint as if fully set forth herein.

29. The defendant was an employer with less than 500 employees subject to the provisions of the FFCRA.

30. Plaintiff was an employee under the FFCRA eligible for paid sick leave and paid leave.

31. At the time of her request for leave Plaintiff had been employed by Defendant for at least twelve (12) months.

32. Plaintiff requested leave under the FFCRA because she was unable to work because of a bona fide need to care for her children (under the age of 18) whose school and child care providers were closed or unavailable due to reasons related to COVID-19.

33. Defendant denied plaintiff's request for paid sick leave and paid leave under the Act.

34. Defendant forced plaintiff to exhaust her personal paid sick leave and vacation time.

35. Defendant terminated plaintiff's employment because plaintiff was unable to work because of her bona fide need to care for her children (under the age of 18) whose school and child care providers were closed or unavailable due to reasons related to COVID-19.

*WHEREFORE*, Plaintiff demands the following relief: (1) wages, employment benefits, or other compensation denied or lost as a result of such violation including but not limited to back pay and front pay; (2) liquidated damages; (3) reinstatement to her former position with all her benefits she would have been entitled to fully restored; (4) a reasonable attorney's fee; (5) costs of this litigation; (6) such other, further, and different relief this court deems equitable and just.

### JURY DEMAND
**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

*s/Charles C. Tatum*
Charles C. Tatum, Jr. (TAT009)
*s/Seth L. Diamond*

Seth L. Diamond (DIA009)
P. O. Box 349
105 19th Street West
Jasper, Alabama 35502
(205) 387-0708 Fax (205) 265-2920

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**

City of Jasper
c/o Mayor David O'Mary
400 West 19th St.
Jasper, AL 35501
